# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**WARITH T. A. ZAJRAEL**  **PLAINTIFF**
**ADC #094066**

V.                    CASE NO.: 5:10CV00130 JMM/BD

**DOUBLEDAY LARGE PRINT BOOK CLUB,**
**et al.**                    **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.     Procedures for Filing Objections:**

The following Recommended Disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or request for a hearing to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

**II.    Introduction:**

On April 29, 2010, Plaintiff, an inmate at the Arkansas Department of Correction ("ADC"), filed his Complaint in this action pro se under 42 U.S.C. § 1983. (Docket entry #2). Plaintiff is proceeding *in forma pauperis*. (#3)

In his Complaint, Plaintiff alleges that in September 2007, he tried to become a member of Doubleday Large Print Book Club ("Doubleday"). Plaintiff claims that he sent a fifty-dollar check to Doubleday, but never received any books. Plaintiff allegedly informed Defendant Smallwood of this situation, but she failed to investigate the matter. Plaintiff states that Defendant Compton provided him some assistance with this matter by locating and copying the fifty-dollar cancelled check so that Plaintiff could present the check to Doubleday. Plaintiff also alleges that Defendants Milburn and Edwards have assisted him in attempting to resolve this situation, but that Defendant Smallwood has repeatedly refused to do so. In addition, Plaintiff claims that Defendant Smallwood has failed to properly process his grievances.

The Court recommends that Plaintiff's Complaint (#2) be dismissed in its entirety and that the dismissal of this action count as a "strike" under 28 U.S.C. § 1915(g).

**III.   Discussion:**

A.    Standard

To state a cognizable claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege,

or immunity secured by the United States Constitution or by laws of the United States. 42 U.S.C. § 1983. Although "detailed factual allegations are not required," the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1940 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, --- U.S. ----, 129 S.Ct. at 1940.

While a court must accept factual allegations in a complaint as true and hold a plaintiff's pro se complaint "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam ), a plaintiff still must assert facts sufficient to state a claim as a matter of law. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

    B.    Defendants Doubleday Large Print Book Club and Random House

In order to state a claim for relief under § 1983, a plaintiff must allege that a person *acting under color of state law* deprived him of "a right, privilege or immunity secured by the Constitution or laws of the United States." *Hamilton v. Schriro*, 74 F.3d 1545, 1549 (8th Cir. 1996). Here, Plaintiff has named Doubleday Large Print Book Club and Random House Publishing Company as Defendants. Plaintiff, however, has failed to allege that Doubleday Large Print Book Club or Random House Publishing Company are state actors, nor can Plaintiff prove that these private corporations were acting under color

3

of state law during the events giving rise to this lawsuit. Accordingly, Plaintiff's claims against these Defendants fail.

      C.     Defendants Smallwood, Compton, Milburn, and Edwards

In addition, the claims against the state actors in this case must be dismissed because Plaintiff has failed to allege that any of these Defendants engaged in any unconstitutional conduct. Although Plaintiff alleges that Defendant Smallwood refused to assist him in investigating the situation with Doubleday, he has not alleged that Defendant Smallwood's conduct caused him to suffer any constitutional deprivation. Furthermore, neither Defendant Smallwood's alleged failure to process Plaintiff's grievances properly nor her failure to provide Plaintiff copies of grievances states a constitutional claim. The Eighth Circuit Court of Appeals has held that prisoners do not have a constitutional right to a grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir.1 993); *Bilal v. Lockhart*, Case No. 93-1798, 1993 WL 382028 (8th Cir. Sept.30, 1993) (unpublished opinion). Therefore, a prison official's failure to properly process or respond to a grievance, standing alone, is not actionable under § 1983.

Moreover, Plaintiff specifically alleges that Defendants Compton, Milburn, and Edwards provided him assistance in resolving his problems with Doubleday. Because Plaintiff fails to allege that he suffered any constitutional deprivation as a result of any of these Defendants' actions, his claims against these Defendants also fail. See *Beck v.*

*LaFleur*, 257 F.3d 764, 766 (8th Cir. 2001) (citing *Ellis v. Norris*, 179 F.3d 1078, 1079 (8th Cir.1999) (prisoner must allege a defendant's personal involvement or responsibility for constitutional violation to state a claim under 42 U.S.C. § 1983)).

**IV.   Conclusion:**

The Court recommends that Plaintiff's Complaint (#2) be dismissed in its entirety. Plaintiff's claims should be dismissed with prejudice. Further, the Court recommends that the District Court certify that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1983 and further certify that an appeal from this dismissal would be frivolous and not taken in good faith.

DATED this 4th day of May, 2010.

_____
UNITED STATES MAGISTRATE JUDGE